IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TILLMAN NORTH, | ) | |
| AIS #252941, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:10-CV-164-WHA |
| | ) | [WO] |
| | ) | |
| ELMORE CORRECTIONAL K-9 UNIT, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

In this 42 U.S.C. § 1983 action, Tillman North, a state inmate, complains of actions taken

against him during his incarceration at the Elmore Correctional Facility. The plaintiff names the

Elmore Correctional K-9 Unit as the sole defendant in this cause of action.

Upon review of the complaint, the court concludes that this case is due to be summarily

dismissed upon application of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

## DISCUSSION

The law is well-settled that any unit of a state agency is absolutely immune from suit.

*Papasan v. Allain*, 478 U.S. 265 (1986) (Unless the State or its agency consents to suit, the plaintiff

cannot proceed against such defendant as the action is proscribed by the Eleventh Amendment and

"[t]his bar exists whether the relief sought is legal or equitable."). Moreover, the K-9 unit of a

---

[1]The court granted North leave to proceed *in forma pauperis*. *Order of March 1, 2010 - Court Doc. No. 3*. A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

correctional facility is not a legal entity subject to suit or liability under 42 U.S.C. § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11ᵗʰ Cir. 1992). Thus, the claims lodged against the Elmore Correctional Facility K-9 Unit are frivolous, as such claims are "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2] Consequently, this case is subject to summary dismissal pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that on or before March 17, 2010 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5ᵗʰ Cir. 1982). *See Stein v.*

---

[2]Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to 28 U.S.C. § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

*Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661

F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former

Fifth Circuit handed down prior to the close of business on September 30, 1981.

     Done, this 3rd day of March, 2010.

                    /s/ Susan Russ Walker           
                    SUSAN RUSS WALKER
                    CHIEF UNITED STATES MAGISTRATE JUDGE